PRICE, Judge.
This is a suit by Huey Fulmer against Richard Jenkins and his wife, Nova Rhymes Jenkins, seeking to collect the balance due of $1,688.38 for materials and services furnished in construction of a residence and for recognition and enforcement of a materialmen’s and laborer’s lien previously filed against defendant property.
Defendants answered, alleging plaintiff agreed to perform certain work and furnish various materials, fixtures and equipment for a contract price of $7,000 and that plaintiff has not completed all work as agreed under the contract. Defendants further admitted certain changes were made in the specifications, resulting in extra work performed by plaintiff totaling $980.16. However, defendants claim they are entitled to various credits which overbalance these extras by the sum of $113.83. *677 Also included in defendants’ answer was an exception of no cause or right of action against Nova Rhymes Jenkins on the basis that she is not personally liable for debts of the community.
By reconventional demand, defendants seek damages from plaintiff for the amount of the overage of $113.83, $100 for escessive and unnecessary expenditures for electricity caused by a malfunctioning air-conditioning and heating unit installed by plaintiff, and $1,000 for embarrassment, inconvenience and damage to credit and reputation.
After the trial, the court rendered judgment sustaining the exception of no cause or right of action and dismissed the suit as to Mrs. Jenkins. The trial court further rendered judgment in favor of plaintiff, Huey Fulmer, and against Richard Jenkins for the sum of $1,588.35 and rejected defendants’ reconventional demand.
From this judgment the defendant, Richard Jenkins, filed a suspensive appeal, alleging the trial court was in error in determining the contract between the parties was on a “cost-plus” basis rather than a fixed price contract as asserted by defendants.
We find no error in the judgment appealed from and affirm the judgment of the trial court.
The defendant, Richard Jenkins, and his wife began planning a home in 1968. Huey Fulmer, a close friend of the Jenkins, was engaged in the electrical, air-conditioning, insulation and sheet metal business. From the beginning the Jenkins sought Fulmer’s advice in connection with their planning.
After plans and specifications were prepared, defendant submitted the plans to three building contractors for construction bids. Included in one of the construction bids was a $7,500 sub-contractor’s bid from Fulmer to perform certain electrical, sheet metal and insulation work and to provide and install an air-conditioning-heating unit and other appliances. However, after receipt of the bids, Jenkins considered them all too high and decided to construct the new home himself by contracting with different skilled individuals in the building trade.
Plaintiff verbally agreed with defendants to perform certain work and provide certain materials and fixtures for the new house. As work progressed on the new home, the defendant paid plaintiff in accordance with several bills submitted. However, after the Jenkins moved into their new home, difficulty arose between the parties and the one-time friendly relationship gradually deteriorated. Thereafter, defendant made no further payments and the ensuing dispute arose.
Defendant testified that he and plaintiff entered into an agreement whereby plaintiff would perform the same work for which he had previously bid $7,500 in the sub-contractor’s bid, but that plaintiff agreed to do this work for defendant for only $7,000.
Plaintiff' testified that there never was any fixed contract price. Plaintiff stated he agreed to perform the insulation and air-conditioning work for a fixed amount, but that all other services and materials were to be provided at cost plus labor.
The issues presented in this case for resolution are purely factual and depend upon the weight to be accorded the testimony of the witnesses. The trial judge, after hearing the testimony of the witnesses and reviewing the exhibits, accepted plaintiff’s testimony over that of defendants, although the trial judge did find there were minor deficiencies in plaintiff’s work. For correction of these deficiencies, the court allowed defendant $100.
In our review of the record, we find that the statements and invoices filed in evidence clearly substantiate plaintiff’s testimony and demonstrates the agreement between the parties (other than the air-conditioning and insulation work) was on a *678 “cost-plus” basis. There being no manifest error in the trial court’s finding of fact or conclusions reached therefrom, the judgment of the lower court will not be disturbed.
For these reasons, the judgment appealed from is affirmed at appellant’s cost.
Affirmed.